# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

2010 JUL 16  AM 11: 56

LORETTA G. WHYTE
CLERK

| | |
|---|---|
| Russell Blanchard, | : |
| Plaintiff, | : |
| v. | : |
| I.C. Systems, Inc.; and DOES 1-10, inclusive, | : |
| Defendants. | : |

Civil Action No.: _____

**COMPLAINT**

# 10-1999

## SECT. A MAG. 4

For this Complaint, the Plaintiff, Russell Blanchard, by undersigned counsel, states as follows:

## JURISDICTION

1.      This action arises out of the Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of the Plaintiff's personal privacy by the Defendants and their agents in their illegal efforts to collect a consumer debt.

2.      Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4.      The Plaintiff, Russell Blanchard ("Plaintiff"), is an adult individual residing in Gretna, Louisiana, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

Fee 350
Process____
X Dktd____
CtRmDep____
Doc. No.____

1

5.      The Defendant, I.C. Systems, Inc. ("I.C."), is a Minnesota business entity with an address of 444 Highway 96 East, St. Paul, Minnesota 55127-2557, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6.      Does 1-10 (the "Collectors") are individual collectors employed by I.C. and whose identities are currently unknown to the Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.      I.C. at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A.    The Debt

8.      The Plaintiff incurred a financial obligation (the "Debt") to a creditor (the "Creditor").

9.      The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10.     The Debt was purchased, assigned or transferred to I.C. for collection, or I.C. was employed by the Creditor to collect the Debt.

11.     The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B.    I.C. Engages in Harassment and Abusive Tactics

12.     The Defendants placed numerous telephone calls to the Plaintiff in order to collect the Debt.

13.     The Defendants contacted the Plaintiff once every day.

2

14.     The Defendants placed a telephone call to the Plaintiff before 8:00a.m.

15.     When placing their telephone calls, the Defendants would allow the phone to ring two times before disconnecting the call.

16.     The Defendants use rude and abusive language during telephone conversations with the Plaintiff.

17.     The Defendants have added collection fees to the Debt.

18.     The Defendants threatened to ruin the Plaintiff's credit rating.

19.     The Plaintiff requested that the Defendants furnish him with correspondence detailing information regarding the Debt.

20.     In fact, during one telephone communication, the Plaintiff gave the Defendant representative his address to send him written correspondence regarding the Debt.  The Defendants have yet to validate the Debt.

21.     The Defendants also failed to send the Plaintiff a validation notice explaining his rights under state and federal law, or his right to dispute the Debt.

## C.     Plaintiff Suffered Actual Damages

22.     The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

23.     As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

24.     The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

3

## COUNT I
## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

25.     The Plaintiff incorporates by reference all of the above paragraphs of this

Complaint as though fully stated herein.

26.     The Defendants' conduct violated 15 U.S.C. § 1692c(a)(1) in that Defendants

contacted the Plaintiff at a place and during a time known to be inconvenient for the Plaintiff.

27.     The Defendants' conduct violated 15 U.S.C. § 1692c(a)(1) in that Defendants

contacted the Plaintiff before 8:00 a.m. and after 9:00 p.m.

28.     The Defendants' conduct violated 15 U.S.C. § 1692d(2) in that Defendants used

profane and abusive language when speaking with the consumer.

29.     The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused

a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to

annoy and harass.

30.     The Defendants' conduct violated 15 U.S.C. § 1692e(2) in that Defendants

misrepresented the character, amount and legal status of the debt.

31.     The Defendants' conduct violated 15 U.S.C. § 1692e(8) in that Defendants

threatened to communicate false credit information.

32.     The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants

employed false and deceptive means to collect a debt.

33.     The Defendants' conduct violated 15 U.S.C. § 1692g(a)(1) in that Defendants

failed to send the Plaintiff a validation notice stating the amount of the debt.

34.     The Defendants' conduct violated 15 U.S.C. § 1692g(a)(2) in that Defendants

failed to send the Plaintiff a validation notice stating the name of the original creditor to whom

the debt was owed.

4

35.     The Defendants' conduct violated 15 U.S.C. § 1692g(a)(3) in that Defendant failed to send the Plaintiff a validation notice stating the Plaintiff's right to dispute the debt within thirty days.

36.     The Defendants' conduct violated 15 U.S.C. § 1692g(a)(4) in that Defendants failed to send the Plaintiff a validation notice informing the Plaintiff of a right to have verification and judgment mailed to the Plaintiff.

37.     The Defendants' conduct violated 15 U.S.C. § 1692g(a)(5) in that Defendants failed to send the Plaintiff a validation notice containing the name and address of the original creditor.

38.     The Defendants' conduct violated 15 U.S.C. § 1692g(b) in that Defendants continued collection efforts even though the debt had not been validated.

39.     The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

40.     The Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II
## VIOLATIONS OF THE LOUISIANA FAIR DEBT COLLECTION PRACTICES ACT LA. REV. STAT. ANN. RS 9 § 3562, et al.

41.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

42.     The Plaintiff is a "consumer" as defined by La. Rev. Stat. Ann. § 3516(10).

43.     The Defendants are a "debt collector" as defined by La. Rev. Stat. Ann. § 3534.1(A).

44.     The Plaintiff is entitled to damages pursuant to La. Rev. Stat. Ann. §3572.12.

## COUNT III

## INVASION OF PRIVACY BY INTRUSION INTO PRIVATE AFFAIRS

45.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

46.     The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

47.     Louisiana further recognizes the Plaintiff's right to be free from invasions of privacy, thus the Defendants violated Louisiana state law.

48.     The Defendants intentionally intruded upon the Plaintiff's right to privacy by continually harassing the Plaintiff with numerous calls.

49.     The telephone calls made by the Defendants to the Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652(b) and Louisiana law requirements for an invasion of privacy.

50.     The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

51.     As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from the Defendants.

52.     All acts of the Defendants and its agents were committed with malice, intent, wantonness, and recklessness, and as such, the Defendants are subject to punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

2. Statutory damages of $1,000.00 for each violation pursuant to 15 U.S.C. § 1692k(a)(2)(A) against the Defendants;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

4. Actual damages pursuant to La. Rev. Stat. Ann. §9-625;

5. Actual damages from the Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;

6. Punitive damages; and

7. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: June 2\ , 2010

By: _____

Mary Marshall Smythe, Esq. (Bar. No.: ) ~~101 742~~

27092

Lemberg & Associates, L.L.C.

77 West 85th Street, Apt. 6E

New York, New York 10024

Telephone: (646) 784-5430

Of Counsel To:

LEMBERG & ASSOCIATES L.L.C.

1100 Summer Street, 3rd Floor

Stamford, CT 06905

Telephone: (203) 653-2250

Facsimile: (877) 795-3666